**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

In re:   Adam Stotlar &                                    Case No. 16-11989
       Alicia Tran-Stotlar                              Chapter 13
                                                      Judge Grant
       Debtors.

CHAPTER 13 PLAN

### A. PLAN PAYMENTS

1. Debtors will make payments in the amount of **$1250.00 per month** thru a wage order. Debtors estimate the plan being a 100% repay plan of unsecured creditors who file approved claims.
2. Debtors estimate the plan length of 60 **months.** The full monthly plan payment will commence not later than 30 days from the date the case was filed.
3. Debtors will pay all statutory adequate protection payments thru the Trustee office. As such, provided the Debtor begins the required payments to the Trustee, adequate protection will begin at confirmation unless otherwise ordered by the Court.
4. Debtors will turnover copies of federal and state tax returns each year of the plan and **will turn over any amounts over $500** to the Trustee each year until the plan is completed. For 2016 tax refund, debtors will turn over 75% of the refunds.
5. The mortgage with Wells Fargo will be paid by the Trustee conduit. Any arrearages owed will also be paid in the Plan.
6. Any priority debt owed to the IRS and IN Dept of Revenue will be paid in full through the Plan.
7. Debtors will report to the Trustee any bonuses received and turn those over for distribution to creditors.

### B. DISBURSEMENTS BY TRUSTEE

1. Class One - Administrative Expenses
   a. Trustee fees as determined by statute.
   b. Attorney fees and costs:
   An agreed fee of $3800 less amounts paid of $700 as reflected in the Rule 2016(b) Statement, leaving a **balance due of $3100.**

2. Class Two - Continuing Claims:
   To the extent that the Class Two creditor incurs post-petition costs pursuant to the mortgage contract, it is the Creditor's duty to apply for and have approved such post-petition costs BEFORE applying any funds.

   | Creditor | Home address | Monthly payment | Arrears? |
   |---|---|---|---|
   | **Wells Fargo** | **640 Brookdale Dr** | **$642.00** | **yes** |

\*\*Allen County Treasurer has an interest in debtor's residence. Any arrears will be paid in the Plan. Ongoing taxes will be paid by the mortgage company as it is escrowed into the mortgage payment.

3. Class Three – Pre Petition Arrearage on Continuing Claims [11 U.S.C. §1322(b)(5).

4. Class Four - Other Secured Claims: Creditors shall be paid the principal amount of their allowed claim, estimated below, retain their liens until discharge and shall be paid through the Plan.

| **Creditor** | **Description of Collateral** | **Interest** | **Balance** |
|---|---|---|---|
| none | | | |

5. Class Five – Secured Creditors- Lien Avoided: Judicial Liens: None

| ***Court*** | ***Cause No.*** | ***Lien Holder*** | ***Judgment Date*** | ***Amount*** |
|---|---|---|---|---|

6. Class Six - Priority Unsecured Claims [11 U.S.C. §1322 (a)(2)]. All allowed priority claims entitled to priority under 11 U.S.C. 507 **shall be paid in full** during the plan. **This Includes Claims filed by the Internal Revenue Service and the Indiana Department of Revenue**.

7. Class Seven - Special Unsecured Claims shall be paid in full and concurrently with Class Six Priority Unsecured Claims. NONE.

8. Class Eight - General Unsecured Claims: All unsecured claims shall be paid pro rata after all other claims are paid in full. Unsecured claims shall receive not less than the amount that would be paid on each claim if the estate were liquidated under Chapter 7.

C. **PAYMENTS DIRECTLY BY DEBTOR TO CREDITORS**

1. Continuing Claims: Those secured claims on which the last payment is due beyond the length of the Plan [11 U.S.C. §1322(b)(5)] that were CURRENT as of the date of the filing of the petition. To the extent such claims are non-modifiable pursuant to 11 U.S.C. §1322(b)(2), the debtor will increase payments as needed for such compliance.

| Creditor | Address of Collateral | Monthly Payment |
|---|---|---|

**None**

2. Secured Creditors: Secured claims other than those listed above on which the last payment will become due within the Plan duration. Creditors holding secured claims shall retain their liens and be paid in full by the Debtors their claim at contract rate of interest within the duration of the plan.

| Creditor | Address of Collateral | Monthly Payment |
|---|---|---|
| NONE. | | |

3. Executory Contracts and/or Unexpired Leases [11 U.S.C. §1322(b)(7) and 11 U.S.C. §365.
    NONE.

Those executory contracts and/or unexpired leases not listed herein are rejected. The automatic stay shall be lifted upon confirmation of the Plan with respect to any executory contract or unexpired lease assumed, that is to be paid directly by the Debtor.

### D. PROPERTY SURRENDERED

1. Surrender of Collateral. The debtor will surrender debtor's interest in the following collateral securing each allowed secured claim filed by the following creditors. NONE

### E. GENERAL PROVISIONS

1. Vesting, Possession of Estate Property and Lien Retention: Upon confirmation of the plan, all property listed in the Debtor's schedules will vest in the Bankruptcy estate until discharge, dismissal, or other further court order. The debtor will remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. §1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

2. Debtor's Causes of Action: Debtor will file a Motion to Hire Counsel and Motion to Compromise for all causes of actions held by the Debtor.

3. Surrender or Abandonment of Collateral: Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned.

4. Prohibition against Incurring Post-Petition Debt: While this case is pending, the debtor will not incur debt without first obtaining approval from the court or the Trustee.

5. Proof of Claims Required for Distributions: To receive distributions from the trustee under this plan all creditors, including holders of secured claims, must file a proof of claim with the bankruptcy court.

6. Debtor Duty to Maintain Insurance: Debtor will maintain all insurance required by law and contract upon property of the estate and the debtor's property.

7. Entry of Orders Lifting Stay: Upon entry of order lifting stay, no distributions shall be made to the secured creditor until such time as an amended deficiency claim is filed by such creditor.

8. Secured Claims will be paid the value listed in the plan or the value of the collateral listed in the proof of claim- whichever is less.

9. It is the Debtor's intent to provide for every claim unless specifically stated otherwise. Unless the claim is set forth specifically in this plan as a secured claim, the Debtor is purposely classifying the claim as unsecured and it will be treated as an unsecured claim despite a belief that it is a secured claim. Accordingly, the creditor must either timely object to confirmation of this Plan, or be deemed to have accepted this plan's treatment of the Claim as provided herein.

10. Loss or Destruction of collateral: In the event of the loss or other destruction of collateral, Debtor may, after notice to the Trustee, obtain and retain available proceeds for the sole purpose of acquiring substitute collateral of a value in excess of the secured creditor's remaining secured claim balance. Secured creditor shall release its lien and turn over title upon written request of Debtor's counsel in accordance with this paragraph.

DATED: 9/30/16

Holly M. Ripke, Attorney for Debtors
4705 Illinois Road, Ste 101
Fort Wayne, IN 46804
(260) 434-1990